ROBERT NASH, APPELLANT, v. CITY OF NORTH PLATTE, A POLITICAL SUBDIVISION, APPELLEE.

288 N. W. 2d 51

Filed February 5, 1980. No. 42810.

Schneider & Nisley, P.C., for appellant.

Baskins & Rowlands, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiff appeals from a judgment of the District Court affirming a judgment of the county court in favor of the defendant, City of North Platte, Nebraska.

The action was brought to recover the value of a motorcycle stolen from the city pound after it had been seized by the police and was being held in police custody while an investigation was made concerning the engine on the motorcycle which was believed to have been stolen. The facts are more fully stated in Nash v. City of North Platte, 198 Neb. 623, 255 N. W. 2d 52.

At the first trial the lower court held the plaintiff's action was barred by section 23-2409 (3), R. R. S. 1943, of the Political Subdivisions Tort Claims Act. Although the county court had received evidence concerning the degree of care exercised by the city, there had been no determination in either court upon that issue. We reversed the judgment and remanded the cause for a determination on the issue of whether the City of North Platte had exercised the appropriate degree of care in the detention of the plaintiff's motorcycle.

Upon retrial the county court found that the defendant city was a gratuitous bailee required to exercise only slight care in the custody of the motorcycle, and that the evidence showed the defendant had adequately fulfilled that duty. Upon appeal to the District Court the judgment of the county court was affirmed.

We believe the liability of the city is governed by section 29-818, R. R. S. 1943, which provides that property seized and held as evidence "shall be safely kept" by the officer seizing it unless otherwise directed by the court. An officer is required to exercise reasonable care and diligence for the safekeeping of property within his custody. The care required is that which men of average prudence would exercise in the conduct of their own affairs and must be commensurate with the dangers involved, having regard for the nature and situation of the property. The officer is responsible for reasonably foreseeable happenings or contingencies which could have been prevented by the exercise of reasonable care. See, 70 Am. Jur. 2d, Sheriffs, Police, and Constables, § 33, p. 155; 80 C. J. S., Sheriffs and Constables, § 78, p. 274.

The determination in this case that the city was a gratuitous bailee required to exercise only slight care was erroneous. While the city was not an insurer, it was required to exercise a degree of care which was commensurate with its duty under the circumstances in view of the nature of the property seized.

The evidence shows that the motorcycle was unique in that the plaintiff had spent more than $200 on plating and painting the motor and frame of the motorcycle. The city had stored the motorcycle within a fenced area which had a gate secured by a chain and padlock. The motorcycle itself was not chained or otherwise secured, and could be seen by anyone looking into the pound area. The motorcycle was not only attractive to thieves but was relatively portable and could be easily removed from the pound once entry had been gained into the fenced area.

Under the circumstances in this case, we believe the evidence shows as a matter of law that the city failed to exercise the degree of care required by the

statute and the city is liable to the plaintiff for failing to "safely keep" the motorcycle which its officers had seized.

The parties stipulated that the motorcycle, including the engine, had a value of $2,400. Although there was evidence that the engine had been stolen, it was stipulated that the plaintiff was an innocent purchaser for value, having purchased the engine from a dealer in North Platte. Under these circumstances the plaintiff's title and right to possession was good as against all except the rightful owner if in fact the engine had been stolen. See 63 Am. Jur. 2d, Property, § 46, p. 329.

The judgment of the District Court is reversed with directions to enter judgment for the plaintiff in the amount of $2,400 with interest and costs.

REVERSED AND REMANDED WITH
DIRECTIONS.