REQUESTED BY: Ron Tussing, Colonel Superintendent Nebraska State Patrol
QUESTION 1: Is a motor vehicle "property" as contemplated by Neb. Rev. Stat. § 29-820(c) (1995) that it may be disposed of pursuant to that section?
ANSWER 1: The term property as used in sections 29-812 to 29-821 is defined as "tangible objects" which includes motor vehicles.
QUESTION 2: For the provisions of Neb. Rev. Stat. § 29-820
(1995) to apply to a motor vehicle, must the seizure have been motivated solely by specific evidentiary purposes or is it sufficient that the motor vehicle was seized and is not required as evidence?
ANSWER 2: Under Neb. Rev. Stat. § 29-818 (1995), an officer may seize property and hold it in custody "so long as is necessary for the purpose of being produced as evidence on any trial."
QUESTION 3: Does the "net proceeds" language of Neb. Rev. Stat. § 29-820(c) (1995) and Article VII, Section 7, Constitution of Nebraska, authorize the use of proceeds to pay costs of seizure, storage and sale of the vehicle with the balance to be paid to the school perpetual fund?
ANSWER 3: When used in other statutes, the Nebraska Supreme Court has defined the term "net proceeds" as gross proceeds minus reasonable and necessary expenses incurred. The costs of seizure, storage and sale of the vehicle are likely to be considered reasonable expenses.
QUESTION 4: Is an affidavit establishing a motor vehicle as property described in Neb. Rev. Stat. § 29-820(c) (1995) "evidence sufficient" to permit the Department of Motor Vehicles to issue or to authorize a title to such motor vehicles pursuant to Neb. Rev. Stat. § 60-111 (1993)?
ANSWER 4: Under Neb. Rev. Stat. § 60-111
(1993), an applicant for a new certificate of title must set forth facts entitling him or her to possession and ownership; not evidence that the vehicle is property.
DISCUSSION
A motor vehicle is considered property under section29-820(c). According to section 29-817, "[t]he term `property' [as] used in sections 29-812 to 29-821 [includes] documents, books, papers, and any other tangible objects." Motor vehicles are clearly tangible objects. Further, in Nash v. City of NorthPlatte, 205 Neb. 480, 288 N.W.2d 51 (1980), the Nebraska Supreme Court addressed the issue of tort liability under section 29-818
for damages sustained to a seized vehicle while in an officer's custody. Although the Court never dealt with the issue directly, a motor vehicle was treated as "property" for the purposes of sections 29-818 to 29-821.
The disposition of property under section 29-820 appears to apply only to property seized for the purpose of being used as evidence. Section 29-820 itself is premised, ". . . when property seized is no longer required as evidence, it shall be disposed of. . . ." Additionally, other sections in this act contain the same implicit assumption. For example, section29-818 provides that seized property can only be held in custody "so long as necessary for the purpose of being produced as evidence on any trial." Similarly, the following section, 29-819, provides that, "[w]here property is no longer required as evidence . . ." it may be transferred to another jurisdiction. Thus, to the extent that seized property under this section can be disposed of only when it is no longer required as evidence, the initial motivation for seizure must have been for evidentiary purposes. Further, the disposition of property seized for non-evidentiary reasons, such as abandoned property, is dealt with in a different manner under Neb. Rev. Stat. § 60-1905
(1993). Thus, section 29-820 appears to refer only to the disposition of property initially seized as evidence.
There is no Nebraska caselaw that defines the term "net proceeds" for the purposes of Article VII, section 7 of the Nebraska State Constitution. However, Black's Law Dictionary defines net proceeds as "[g]ross proceeds, less charges which may be rightly deducted." (6th ed. 1990). This definition is consistent with caselaw dealing with net proceeds in various contexts, see, e.g., Parker v. Parker, 1 Neb. App. 187,492 N.W.2d 50 (1992) ("auction dealt with net proceeds after expenses of $42,541.06.") and McGowan v. Nebraska State Bank,229 Neb. 471, 427 N.W.2d 772 (1988) (". . . for a total sales price of $28,956.01, with net proceeds of $27,872.29 after expenses"). In an unpublished opinion, the Nebraska Court of Appeals defined net proceeds as "gross proceeds minus the cost of sale." Petersonv. Peterson, (1995 WL 454723). In State v. City BettermentCorp., 197 Neb. 575, 250 N.W.2d 601 (1977), the Nebraska Supreme Court stated that,
 The term "proceeds" has been used in all kinds of contexts and in various situations has been interpreted as net or gross, depending upon the circumstances. The words and terms a constitutional provision are to be interpreted and understood in their most natural and obvious meaning . . . The word "proceeds" in Article III, section 24, Constitution of Nebraska, and in section 28-964.03, R.R.S. 1943, means "net proceeds." Reasonable and necessary expenses incident to the organization and operation of a lottery may be paid from lottery proceeds.
Id. at 582-583. Thus, "net proceeds" when construed in its ordinary meaning, refers to gross proceeds of a sale less any reasonable and necessary expenses.
The relevant caselaw fails to indicate what constitutes "reasonable and necessary expenses." However, Neb. Rev. Stat. § 60-111 (1993) refers to the sale of a vehicle to satisfy storage or repair charges, and section 60-2019 provides for the proceeds from the sale of an abandoned vehicle "less any expenses incurred by the local authority. . . ." Thus, it appears that the net proceeds language of Article VII, section 7 refers to the proceeds of the sale of seized property, minus the reasonable and necessary costs of the initial seizure, storage and eventual sale of the property.
Section 60-111 provides, in relevant part, that,
 Only an affidavit by the person or agent of the person to whom possession of such motor vehicle has so passed, setting forth facts entitling him or her to such possession and ownership, together with a copy of the journal entry, court order, or instrument upon which such claim of possession and ownership is founded shall be considered satisfactory proof of ownership and right of possession, except if the applicant cannot produce such proof of ownership, he or she may submit to the department such evidence as he or she may have, and the department may thereupon, if it finds the evidence sufficient, issue the certificate of title or authorize the county clerk to issue a certificate of title as the case may be.
Neb. Rev. Stat. § 60-111 (1995). Thus, a new certificate of title will be issued if the applicant submits an affidavit setting forth facts entitling the applicant to possession, such as a failure of the true owner to claim the vehicle. With the affidavit, the applicant must also include a copy of the court order, journal entry or other instrument upon which ownership is based. If the applicant does not have a court order or journal entry, the applicant can submit whatever evidence he or she does have. It is then left to the discretion of the Department of Motor Vehicles to decide whether the evidence submitted is sufficient to issue a new certificate.
There is no Nebraska caselaw on what constitutes sufficient evidence of ownership when a certificate of title cannot be produced. However, if an owner of the vehicle is unknown, it seems logical that the applicant would have to set forth facts indicating that he or she made a reasonable effort to find the owner of the vehicle. If the owner is known but fails to claim the vehicle, an affidavit should set forth facts indicating that the Patrol made reasonable efforts to notify the owner over a period of time and that the owner refused to claim the vehicle.
CONCLUSION
A motor vehicle is considered "property" for the purposes of Neb. Rev. Stat. § 29-820(c) (1995). For the provisions of Neb. Rev. Stat. § 29-820 to apply to a motor vehicle, the initial seizure must have been motivated by evidentiary purposes. The "net proceeds" language of Neb. Rev. Stat. § 29-820(c) and Article VII, Section 7, Constitution of Nebraska, likely authorizes the use of proceeds to pay costs of seizure, storage and sale of the vehicle with the balance to be paid to the school perpetual fund. An affidavit setting forth facts entitling the State Patrol to possession of a motor vehicle, together with a copy of the journal entry, court order or other instrument upon which ownership is based should be considered sufficient evidence to permit the issuance of a new certificate of title by the Department of Motor Vehicles or the County Clerk to issue a new title under Neb. Rev. Stat. § 60-111 (1993).
Sincerely,
 DON STENBERG Attorney General
 Paul N. Potadle Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General