STATE OF NEBRASKA, APPELLEE, V. PHILLIP J. MAESTAS,
APPELLEE, AND TORI MAESTAS, APPELLANT.
647 N.W.2d 122

Filed July 2, 2002.   No. A-01-653.

J. Blake Edwards, of McGinley, O'Donnell, Reynolds & Edwards, P.C., for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee State of Nebraska.

HANNON, SIEVERS, and MOORE, Judges.

SIEVERS, Judge.

Tori Maestas, mother of defendant Phillip J. Maestas, filed a motion in the district court for Cheyenne County, under this case caption, for the return of property seized from her residence in connection with a case involving first degree murder charges against Phillip. Phillip ultimately pled guilty to second degree murder in that case, and his time for a direct appeal has passed. Tori appeals the district court's partial denial of her motion.

## FACTUAL AND PROCEDURAL BACKGROUND

After Phillip was convicted of second degree murder, Tori filed a motion for the return of seized property in the district court for Cheyenne County. Tori requested that the following property be returned to her: a Ruger "model 10/22" carbine, .22-caliber, serial number 115-54588 (gun No. 1); a Ruger "model 10/22" carbine, .22-caliber, serial number 236-23575 (gun No. 2); four boxes of Winchester "expert" .22-caliber hollow point long rifle ammunition; one brick of .22-caliber "thunderbolt" long rifle ammunition (minus 1 box); one brick of "Dynamit Nobel" .22-caliber long rifle cartridges; one box of 50 rounds of "federal lightning" .22-caliber long rifle ammunition; and one .22-caliber firearm stock with barrel.

The district court heard the motion on May 8, 2001, and Paul Schaub, the Cheyenne County Attorney, represented the State. Investigator John Jenson's affidavit was placed into evidence, and in it, he averred that only the two guns were still needed as evidence. The affidavit noted that the FBI positively identified Phillip's fingerprint on gun No. 1 and that Phillip's codefendant identified gun No. 2 as the murder weapon. This latter gun, according to Jenson's affidavit, "has features that make it almost identical with the . . . murder weapon."

Schaub argued that the guns should not be released because Phillip could still request postconviction relief, which could conceivably result in a trial. As to gun No. 1, Schaub argued that "if [Phillip] testifies that he's never handled a weapon before, we can at least bring this up as a rebuttal, there's the weapon, there's the fingerprint." Schaub argued that the State should retain gun

No. 2 in case the State needs to show a jury why the codefendant might have misidentified the murder weapon (because gun No. 1, the murder weapon, and gun No. 2 are nearly identical).

The district court released all of the property listed in Tori's motion except for the two guns. The court did not explain its reasons for denying their return. Tori, the guns' owner, appeals, arguing that "[t]he remote possibility of a [postconviction] filing . . . sometime in the future is just not enough to retain the property not used in the commission of a crime." Brief for appellant at 4.

## ANALYSIS

■ Nothing in the record suggests that the State challenged Tori's right to file this motion in Phillip's criminal case for the return of her property. However, on appeal, the State argues, "The motion by Tori Maestas is improper because she is not the true Appellant in this criminal matter. She is not the defendant, she is the defendant's mother. . . . She can not [sic] file an appeal for [Phillip] or in [Phillip's] name." Brief for appellee at 3-4. In making this argument, the State relies on Neb. Rev. Stat. § 29-824 (Cum. Supp. 2000), which states in part that "[u]pon conviction after trial the defendant may on appeal challenge the correctness of the order by the judge." The State argues that because Tori was not the defendant at trial, this statute does not give her the right to appeal. But, Tori is not appealing Phillip's conviction and sentence. She is appealing from the ruling made upon her motion to the district court for the return of her property. The Court of Appeals may review a final order affecting a substantial right made on summary application in an action after a judgment is rendered. See, Neb. Rev. Stat. § 25-1902 (Reissue 1995); *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

■ Property seized in enforcing a criminal law is in custody of the court, referenced as in custodia legis, and the proper procedure for the return of property taken is to apply to the court for its return, especially if the property has been offered in evidence. *State v. Allen*, 159 Neb. 314, 66 N.W.2d 830 (1954). Tori, as the owner, is the person with standing to make such application concerning the two pieces of property at issue herein. As an aspect of jurisdiction and justiciability, standing requires that a litigant have such a personal stake in the outcome of a controversy as to

warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Ritchhart v. Daub*, 256 Neb. 801, 594 N.W.2d 288 (1999). Tori has a personal stake in what happens to her property. Thus, we find that Tori properly applied to the district court for the return of her property. That being true, she has a right to appellate review of the lower court's ruling. Thus, we turn to the merits.

Neb. Rev. Stat. § 29-818 (Reissue 1995) states as follows:

Property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same unless otherwise directed by the judge or magistrate, and shall be so kept so long as necessary for the purpose of being produced as evidence on any trial. Property seized may not be taken from the officer having it in custody by replevin or other writ so long as it is or may be required as evidence in any trial, nor may it be so taken in any event where a complaint has been filed in connection with which the property was or may be used as evidence, and the court in which such complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof.

According to § 29-818, a court in custodia legis is not required to return lawfully seized property to the owner upon application when, as here, the State has shown that the property may be needed as evidence in the future. See § 29-818. The standard for determining whether there is such future need, i.e., whether "it is or may be required as evidence," is clearly within the trial court's discretion.

While a trial because of a postconviction proceeding is typically a very unlikely occurrence, particularly after a plea bargain reducing a first degree murder charge to one of second degree murder, we cannot say its likelihood is so remote that the statutory standard requires that the guns be returned to Tori. We find no abuse of discretion by the district court, which we find to be the applicable standard of our review under § 29-818, and we affirm its ruling.

AFFIRMED.