STATE OF NEBRASKA, APPELLEE, V.
TIMOTHY E. AGEE, APPELLANT.
741 N.W.2d 161

Filed November 9, 2007. No. S-06-594.

Timothy E. Agee, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Timothy E. Agee appeals from the denial of his motion for the return of property seized from his residence by police, who were investigating Agee's reported involvement in several thefts. The theft charge was dismissed, but the court refused to order the return of property the State argued had been stolen. This appeal requires us to consider the circumstances under which the State can refuse to return seized property, and the burden of proving such circumstances. In this case, because the State did not present evidence establishing a basis for refusing to return the property, we reverse the order of the district court.

## BACKGROUND

Agee was charged with theft by deception[1] in an information filed November 23, 2004. The information generally charged Agee with using deception to obtain property, valued at over $1,500,[2] from a department store.

For context, it is helpful to note that on the same date, Agee was charged in a separate information with unlawful possession with intent to deliver a controlled substance; specifically,

---

[1] See Neb. Rev. Stat. § 28-512 (Reissue 1995).

[2] See Neb. Rev. Stat. § 28-518(1) (Reissue 1995).

marijuana.[3] A habitual criminal charge was later added. The marijuana had been discovered during the execution of a search warrant at Agee's residence on October 8, 2004.[4] The search warrant was supported by information suggesting that Agee was involved in an ongoing scheme to use checks and fraudulent driver's licenses to make purchases at local department stores.[5]

Following a jury trial, on May 24, 2005, the district court convicted Agee on the marijuana charge and found him to be a habitual criminal. On July 25, the theft charge was dismissed without prejudice on the State's motion. On August 31, the court sentenced Agee to 10 years' imprisonment on the drug and habitual criminal convictions.

On April 19, 2006, Agee filed a pro se motion in the district court for an order directing the county sheriff to return property that had been seized from Agee's home, during the October 8, 2004, execution of the search warrant, as evidence of theft. Specifically, Agee asked for the return of 3 watches, 1 diamond bracelet, 2 cellular telephones, 10 assorted articles of clothing, an unspecified number of photographs, and Agee's wallet and Social Security card. Agee specifically alleged that the items were not illegal per se and that they had value to him.

A hearing was held at which Agee, acting pro se, appeared telephonically. In response to Agee's motion, counsel for the State represented that one of the watches, the bracelet, and the cellular telephones were stolen property. The State said it had no record of another two watches. The State explained that the clothing had been stolen from the department store and had already been returned to the store. Agee indicated he had receipts showing how he had lawfully purchased the clothing and bracelet.

No evidence was adduced at the hearing by either party. Nonetheless, the court explained that "[t]hey tell me [the watch] is stolen, [the bracelet] is stolen, there isn't [another]

---

[3] See *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996) (taking judicial notice of proceedings in related case).

[4] See *State v. Agee*, No. A-05-1153, 2006 WL 2129117 (Neb. App. Aug. 1, 2006) (not designated for permanent publication).

[5] See *id.*

watch, and the clothes are stolen and they have already been given back to the owner, that being [the department store]." The court overruled Agee's motion except as to his Social Security card and photographs, which were ordered returned. Agee appealed.

## ASSIGNMENT OF ERROR

Agee argues that the district court committed reversible error when it overruled his motion for the return of his personal property.

## STANDARD OF REVIEW

■ The denial of a motion for return of seized property is reviewed for an abuse of discretion.[6]

## ANALYSIS

■ Property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court.[7] Property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property.[8] The property shall be kept so long as necessary for the purpose of being produced as evidence at trial.[9] The court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition.[10] The proper procedure to obtain the return of seized property is to apply to the court for its return.[11]

---

[6] See, *State v. Allen*, 159 Neb. 314, 66 N.W.2d 830 (1954); *State v. Maestas*, 11 Neb. App. 262, 647 N.W.2d 122 (2002); Neb. Rev. Stat. §§ 29-818 to 29-820 (Reissue 1995 & Cum. Supp. 2006). See, also, *DeLoge v. State*, 156 P.3d 1004 (Wyo. 2007).

[7] See, *Allen, supra* note 6; *Maestas, supra* note 6.

[8] *Nash v. City of North Platte*, 205 Neb. 480, 288 N.W.2d 51 (1980). See, also, § 29-818.

[9] § 29-818.

[10] See, *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986); *Allen, supra* note 6; *State v. Cox*, 3 Neb. App. 80, 523 N.W.2d 52 (1994), *affirmed* 247 Neb. 729, 529 N.W.2d 795 (1995); §§ 29-818 to 29-820.

[11] See, *Allen, supra* note 6; *Maestas, supra* note 6.

We digress, at this point, to respond to the State's contention that we lack jurisdiction over this appeal. Although not disputing the district court's jurisdiction to decide Agee's motion, the State suggests that the court's denial of the motion is not a final, appealable order. The Nebraska Court of Appeals has held that the denial of a motion for the return of seized property is appealable as an order affecting a substantial right made upon a summary application in an action after judgment.[12] The State disagrees, contending that a criminal proceeding is not an "action."[13] An order denying the return of seized property after a criminal proceeding has concluded is perhaps better characterized as an order made in a special proceeding than an order made in an action after judgment.[14] But regardless, we agree with the Court of Appeals' ultimate conclusion that an order of this kind, made after the conclusion of criminal proceedings, is final and reviewable on appeal, so we proceed to the merits of Agee's argument.

Although this court has not discussed the issue, the general rule is well established that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner unless the government has a continuing interest in the property.[15] " '[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government

---

[12] See, *Maestas, supra* note 6; Neb. Rev. Stat. § 25-1902 (Reissue 1995).

[13] See *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991) ("action" means civil action), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

[14] See, § 25-1902; *In re Interest of R.G., supra* note 13 (special proceeding includes every special statutory remedy not in itself action).

[15] See, e.g., *U.S. v. David*, 131 F.3d 55 (2d Cir. 1997); *Sovereign News Co. v. United States*, 690 F.2d 569 (6th Cir. 1982); *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979); *DeLoge, supra* note 6; *Newman v. Stuart*, 597 So. 2d 609 (Miss. 1992); *DeBellis v. New York City Property Clk.*, 79 N.Y.2d 49, 588 N.E.2d 55, 580 N.Y.S.2d 157 (1992); *State v. Ell*, 338 N.W.2d 845 (S.D. 1983); *Banks v Detroit Police Dep't*, 183 Mich. App. 175, 454 N.W.2d 198 (1990).

claim lies, be returned promptly to its rightful owner.' "[16] While the government is permitted to seize evidence for use in investigation and trial, such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.[17] It would be antithetical to the notions of fairness and justice under which we operate to convert the government's right to temporary possession to a right to hold such property indefinitely.[18] Thus, a motion for the return of property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property.[19]

The State's primary contention on appeal is that Agee presented no evidence supporting his claim to the property. But this argument misapprehends the burden of proof in such a proceeding. When criminal proceedings have terminated, the person from whom property was seized is presumed to have a right to its return, and the burden is on the government to show that it has a legitimate reason to retain the property.[20] It is long established that a presumption of ownership is created by exclusive possession of personal property and that evidence must be offered to overcome that presumption.[21] One in possession

---

[16] *Wright, supra* note 15, 610 F.2d at 934. Accord *People v. Strock*, 931 P.2d 538 (Colo. App. 1996).

[17] See *U.S. v. Chambers*, 192 F.3d 374 (3d Cir. 1999).

[18] See *Government of Virgin Islands v. Edwards*, 903 F.2d 267 (3d Cir. 1990).

[19] See, *David, supra* note 15; *U.S. v. Fitzen*, 80 F.3d 387 (9th Cir. 1996); *DeLoge, supra* note 6; *State v. Alaway*, 64 Wash. App. 796, 828 P.2d 591 (1992).

[20] See, *Chambers, supra* note 17; *U.S. v. Dean*, 100 F.3d 19 (5th Cir. 1996); *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987); *DeLoge, supra* note 6; *Com. v. Fontanez*, 559 Pa. 92, 739 A.2d 152 (1999); *DeBellis, supra* note 15; *State v. Shore*, 522 A.2d 1215 (R.I. 1987); *Strock, supra* note 16; *Banks, supra* note 15; *State v. Card*, 48 Wash. App. 781, 741 P.2d 65 (1987).

[21] *In re Estate of Severns*, 217 Neb. 803, 352 N.W.2d 865 (1984). See *Edwards, supra* note 18.

of property has the right to keep it against all but those with better title,[22] and the "mere fact of seizure" does not require that "entitlement be established anew."[23] Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership.[24]

In this case, the State argued to the district court that much of the property was stolen. We agree that stolen property should be returned to its rightful owner.[25] In most cases, the theft of the property will be substantiated by the findings underlying a criminal conviction.[26] But here, the charges had been dismissed. The State had seized property from Agee, and he was presumably entitled to its return once the proceedings were concluded, but the State did not overcome that presumption by presenting evidence of a cognizable claim or right of possession adverse to Agee's.[27] Nor was the property contraband per se, which may not be returned because its possession is inherently unlawful.[28] Nor did the State present evidence of any of the other grounds that have been used to justify the government's retention of property, such as an ongoing investigation,[29] a tax lien,[30] an imposed fine,[31] or an order of restitution.[32]

---

[22] *Edwards, supra* note 18.

[23] *Wright, supra* note 15, 610 F.2d at 939. Accord *Edwards, supra* note 18.

[24] See, *Fitzen, supra* note 19; *Edwards, supra* note 18; *Wright, supra* note 15; *Fontanez, supra* note 20; *Shore, supra* note 20; *Ell, supra* note 15; *Strock, supra* note 16; *Banks, supra* note 15.

[25] See § 29-820(1)(a).

[26] See *Dean, supra* note 20.

[27] See, *id.*; *Fitzen, supra* note 19; *Edwards, supra* note 18; *Banks, supra* note 15; *Card, supra* note 20.

[28] See *Boggs v. Rubin*, 161 F.3d 37 (D.C. Cir. 1998).

[29] See, e.g., *DeLoge, supra* note 6.

[30] See, e.g., *Fitzen, supra* note 19; *United States v. Francis*, 646 F.2d 251 (6th Cir. 1981).

[31] See, e.g., *David, supra* note 15.

[32] See, e.g., *U.S. v. Mills*, 991 F.2d 609 (9th Cir. 1993).

▮ The district court erred in relying on the representations made by the State, instead of demanding evidence relevant to the State's allegations. The State must do more than assert, without evidentiary support, that the property was stolen, or is not in the State's possession.[33] An attorney's assertions at trial are not to be treated as evidence.[34] Instead of taking the State's assertions at face value, the court was obliged to take evidence to support its factual findings respecting its decision to grant or deny Agee's motion.[35] The court abused its discretion by substantially denying Agee's motion without requiring the State to submit evidence supporting its continued retention or disposition of the property.[36]

We recognize that there was some dispute, in the district court, about whether certain items claimed by Agee were actually in the possession of the State. But police executing a search warrant are required to keep an inventory that should make it a straightforward matter for the State to establish what property was seized from Agee and how that property was disposed of.[37] And the State's seizure of most of the items was not disputed. We also note that the State admitted to having already returned some items to the store from which they had allegedly been stolen, apparently without direction from the court. This was contrary to the court's exclusive jurisdiction over such property.[38] It has been consistently held, however, that the government's disposition or destruction of property does not moot a motion

---

[33] See, *Chambers, supra* note 17; *Mora v. U.S.*, 955 F.2d 156 (2d Cir. 1992); *DeLoge, supra* note 6; *Scott v. State*, 922 So. 2d 1024 (Fla. App. 2006).

[34] *Cochran v. Bill's Trucking*, 10 Neb. App. 48, 624 N.W.2d 338 (2001); *City of Lincoln v. MJM, Inc.*, 9 Neb. App. 715, 618 N.W.2d 710 (2000).

[35] See, *Chambers, supra* note 17; *U.S. v. Burton*, 167 F.3d 410 (8th Cir. 1999); *Rufu v. U.S.*, 20 F.3d 63 (2d Cir. 1994); *Mora, supra* note 33; *DeLoge, supra* note 6; *Scott, supra* note 33; *Dailey v. State*, 640 So. 2d 1059 (Ala. App. 1993); *Card, supra* note 20.

[36] See *DeLoge, supra* note 6.

[37] See, Neb. Rev. Stat. § 29-815 (Reissue 1995); *Rufu, supra* note 35. See, also, *State ex rel. Wagner v. Amwest Surety Ins. Co., ante* p. 121, 738 N.W.2d 813 (2007).

[38] See, *Holmes, supra* note 10; *Allen, supra* note 6; *Cox, supra* note 10; §§ 29-818 to 29-820.

for return of the property, although we have no need in this appeal to discuss the scope of available relief.[39]

## CONCLUSION

Once the criminal proceedings against Agee were concluded, Agee was presumptively entitled to the return of property seized from him unless the State presented evidence justifying its refusal to do so. The district court erred in substantially denying Agee's motion without requiring the State to submit such evidence. The district court's order denying Agee's motion is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HEAVICAN, C.J., not participating.

---

[39] See, e.g., *Chambers, supra* note 17; *U.S. v. Kanasco, Ltd.*, 123 F.3d 209 (4th Cir. 1997); *Thompson v. Covington*, 47 F.3d 974 (8th Cir. 1995); *Rufu, supra* note 35; *Martinson, supra* note 20; *Francis, supra* note 30. Compare, e.g., *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003); *U.S. v. Hall*, 269 F.3d 940 (8th Cir. 2001); *U.S. v. Potes Ramirez*, 260 F.3d 1310 (11th Cir. 2001); *U.S. v. Bein*, 214 F.3d 408 (3d Cir. 2000); *Peña v. U.S.*, 157 F.3d 984 (5th Cir. 1998) (discussing split over jurisdiction to award money damages).