Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/07/2016 10:06 AM CDT

State of Nebraska, appellee, v.
Dominick L. Dubray, appellant.
___ N.W.2d ___

Filed June 7, 2016.    No. A-15-627.

1. **Search and Seizure: Appeal and Error.** The denial of a motion for
   return of seized property is reviewed for an abuse of discretion.
2. **Search and Seizure: Property: Presumptions: Proof.** When crimi-
   nal proceedings have terminated, the person from whom property
   was seized is presumed to have a right to its return, and the burden
   is on the government to show that it has a legitimate reason to retain
   the property.
3. **Property: Presumptions: Proof.** A presumption of ownership is cre-
   ated by exclusive possession of personal property, and evidence must
   be offered to overcome that presumption.
4. **Search and Seizure: Property: Proof.** One in possession of prop-
   erty has the right to keep it against all but those with better title, and
   the mere fact of seizure does not require that entitlement be estab-
   lished anew.
5. ____: ____: ____. Seizure of property from someone is prima facie
   evidence of that person's right to possession of the property, and
   unless another party presents evidence of superior title, the person from
   whom the property was taken need not present additional evidence
   of ownership.
6. **Appeal and Error.** An appellate court is not obligated to engage in an
   analysis that is not necessary to adjudicate the case and controversy
   before it.

Appeal from the District Court for Box Butte County:
Travis P. O'Gorman, Judge. Reversed and remanded for fur-
ther proceedings.

Dominick L. Dubray, pro se.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Inbody and Riedmann, Judges.

Moore, Chief Judge.

## INTRODUCTION

Dominick L. Dubray appeals from an order of the district court for Box Butte County partially denying his motion for return of seized property. For the reasons set forth below, we reverse the order of the district court and remand the cause for further proceedings.

## BACKGROUND

### Prior Proceedings

The circumstances of the present appeal arise from Dubray's February 2012 arrest and convictions for the murders of Catalina Chavez and Mike Loutzenhiser in Alliance, Nebraska. See *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). Dubray's motion for rehearing was denied January 29, 2015. Dubray and Chavez were in a relationship and had lived together for 2 to 3 years in Alliance with their child and Chavez' older child from a previous relationship. Chavez' 16-year-old half brother had also been living at the house since June 2011. Loutzenhiser, who lived in Scottsbluff, Nebraska, was Chavez' stepfather and the father of Chavez' 16-year-old half brother. On Friday, February 10, 2012, Loutzenhiser arrived in Alliance for a visit. Dubray murdered Chavez and Loutzenhiser the following morning, February 11, at the residence. During the subsequent murder investigation, police officers collected a number of items from the residence. Dubray's motion for return of seized property, at issue in the current appeal, seeks the return of several of these items.

Current Proceedings

On May 11, 2015, Dubray filed a motion for return of seized property. The motion requested the return of the following items collected during the murder investigation: a "[b]lack and silver colored i-pod"; a "black i-pod with a rubberized cover containing 3 [M]onster [energy drink logos]"; a "black purse with pink playboy bunny logo" containing $219.98 in cash; a "black carhartt coat size 2xL"; a pair of gray size 13 athletic shoes; a wooden jewelry box containing "3 necklaces, 2 nec[k]lace pendants, 1 clasp, 28 rings, 3 watches, 2 bracelets, 2 sets of earrings and 1 penny"; and a jewelry holder "shaped like a cone containing [a] headband, a set of gold colored earrings, a beaded necklace, a bracelet, and 1 beaded earring."

Dubray alleged that the property is being held in violation of Neb. Rev. Stat. § 29-818 (Cum. Supp. 2014) and that this property should be returned to him, as the rightful owner. In his accompanying affidavit in support of his motion, Dubray stated that none of the requested items were introduced or otherwise used as evidence at trial. Additionally, Dubray alleged that the county has failed to provide him with any notice of intent to initiate forfeiture proceedings regarding the seized property, in violation of due process.

On June 24, 2015, a hearing on the motion was held before the district court. Dubray appeared pro se via telephone. No evidence was presented at the hearing by either party; rather, only the unsworn statements and arguments of Dubray and counsel for the State were given. The State conceded that the "Carhartt coat [and] size 13 athletic shoes" belonged to Dubray, stating that the evidence at trial supported his ownership of these items. However, the State objected to the balance of the motion for the reason that Dubray had not shown that he is the actual owner of the property. Counsel for the State expressed a belief that the other items listed in the motion belonged to Chavez, but provided no supporting evidence. Responding to the alleged due process violation, the State

argued that it had insufficient time since the issuance of the mandate on the direct appeal to ascertain ownership of the property. Dubray responded, claiming that more than 20 of the rings contained in the jewelry box are men's rings and stating that any returned property would go to the child of Dubray and Chavez.

Later that day, the court entered an order on Dubray's motion. The court granted the motion with respect to the coat and shoes and ordered these items be returned to Dubray immediately. The court denied the motion with regard to the remaining items for "failure to prove ownership."

Dubray subsequently perfected this appeal.

## ASSIGNMENTS OF ERROR

Dubray assigns, restated, that the district court erred in partially denying his motion for return of seized property. Dubray also alleges that the failure to return the property violated his constitutional due process and property ownership rights.

## STANDARD OF REVIEW

[1] The denial of a motion for return of seized property is reviewed for an abuse of discretion. *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007).

## ANALYSIS

### DENIAL OF MOTION FOR RETURN
### OF SEIZED PROPERTY

Section 29-818 establishes that "property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same . . . and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial." Neb. Rev. Stat. § 29-820 (Cum. Supp. 2014) specifies that, unless otherwise directed by this statute or law of Nebraska, when certain property "seized or held is no longer required as evidence, it shall be disposed of by the

law enforcement agency on such showing as the law enforcement agency may deem adequate," and that all other property "shall be disposed of in such manner as the court in its sound discretion shall direct."

The controlling case in Nebraska relied upon by both parties is *State v. Agee, supra*. In that case, Timothy E. Agee was suspected of being involved in an ongoing scheme to use checks and fraudulent driver's licenses to make purchases at local department stores. A search warrant was executed at Agee's residence and various items were seized. Ultimately, Agee's theft by deception charge was dismissed by the State although Agee was convicted of unlawful possession with intent to deliver marijuana as a result of evidence discovered during the execution of the search warrant.

Agee filed a motion for return of property seized from his home during the execution of the search warrant; specifically, "3 watches, 1 diamond bracelet, 2 cellular telephones, 10 assorted articles of clothing, an unspecified number of photographs, and Agee's wallet and Social Security card." *Id.* at 447, 741 N.W.2d at 164. Agee alleged that the items were not illegal per se and that they had value to him. At the telephone hearing at which Agee appeared pro se, counsel for the State represented that some of the items were stolen property, that some of the items had already been returned to a department store, and that it had no record of other items. Agee indicated he had receipts for some of the items. No evidence was adduced at the hearing by either party. Nevertheless, in reaching its decision, the court noted the statements by counsel concerning items that were stolen, returned, and not in existence. The court overruled Agee's motion except as to his Social Security card and photographs, which were ordered returned.

[2-5] On appeal, the Nebraska Supreme Court recognized that a motion for the return of property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture,

or the government has some other continuing interest in the property. *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007). In response to the State's primary contention on appeal that Agree presented no evidence supporting his claim to the property, the court found that this argument "misapprehends the burden of proof in such a proceeding." *Id.* at 450, 741 N.W.2d at 166. The court went on to recognize the following propositions:

> When criminal proceedings have terminated, the person from whom property was seized is presumed to have a right to its return, and the burden is on the government to show that it has a legitimate reason to retain the property. It is long established that a presumption of ownership is created by exclusive possession of personal property and that evidence must be offered to overcome that presumption. One in possession of property has the right to keep it against all but those with better title, and the "mere fact of seizure" does not require that "entitlement be established anew." Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership.

*Id.* at 450-51, 741 N.W.2d at 166-67.

The Supreme Court in *Agee* concluded that the district court erred in relying on the representations made by counsel that the property was stolen instead of demanding evidence relevant to the State's allegations. The Supreme Court therefore found that the district court abused its discretion by substantially denying Agee's motion without requiring the State to submit evidence supporting its continued retention or disposition of the property. *State v. Agee, supra*.

Similar to the State's arguments in *Agee*, the State in the instant case argues that Dubray failed to present evidence supporting his claim to the property. The State relies upon

the language quoted above from *Agee* that the presumption of ownership is created by the *exclusive* possession of the claimed property. The State asserts that because other people resided with Dubray, he was unable to demonstrate that the property seized from his residence was in his exclusive possession, and that therefore, he was not entitled to the presumption of ownership and the burden to show otherwise was not placed on the State. Additionally, the State emphasizes that the nature of the property, particularly the purse, jewelry box, jewelry holder, and corresponding contents, opposes Dubray's claim of ownership. Lastly, the State asserts that as a matter of policy, Dubray should not receive the property of his murder victims. We are not persuaded by the State's arguments.

In Agee's underlying criminal case, in response to his argument that the evidence was insufficient to show that he lived at the residence where the contraband was found, we noted that other people besides Agee resided at the residence and perhaps even occupied the same bedroom as Agee. See *State v. Agee*, No. A-05-1153, 2006 WL 2129117 (Neb. App. Aug. 1, 2006) (not designated for permanent publication). Thus, Agee was arguably not in exclusive possession of the items seized from the residence. Although this argument was apparently not presented to the Supreme Court in Agee's appeal of the denial of his motion for return of property, the court nevertheless applied the presumption of ownership in favor of Agee.

As in *State v. Agee, supra*, we conclude that once the criminal proceedings against Dubray were concluded, Dubray was presumptively entitled to the return of property seized from him. The State did not overcome that presumption by presenting evidence of a cognizable claim or right of possession adverse to Dubray's. The district court erred in substantially denying Dubray's motion without requiring the State to submit such evidence. The district court's order denying Dubray's motion is reversed, and the cause is remanded for further proceedings.

[6] Because we are reversing and remanding for further proceedings, we need not address Dubray's due process argument. See *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

Dubray was presumptively entitled to the return of property seized from him, and the State did not present evidence justifying its refusal to do so. The district court's order denying Dubray's motion is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.