IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DUBRAY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DOMINICK L. DUBRAY, APPELLANT.

Filed March 28, 2017.    No. A-16-962.

Appeal from the District Court for Box Butte County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Dominick L. Dubray, pro se.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and INBODY and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

This is the second appearance of this case before this court. Following Dominick L. Dubray's appeal from a previous order of the district court for Box Butte County, partially denying Dubray's motion for return of seized property, this court reversed and remanded for further proceedings. See *State v. Dubray*, 24 Neb. App. 67, 883 N.W.2d 399 (2016). Upon remand, Dubray filed another motion for return of seized property. Following an evidentiary hearing, the court partially denied the motion, and Dubray perfected the present appeal. For the reasons set forth herein, we affirm.

## BACKGROUND

As set forth in this court's opinion with respect to Dubray's first appeal:

The circumstances of the present appeal arise from Dubray's February 2012 arrest and convictions for the murders of Catalina Chavez and Mike Loutzenhiser in Alliance, Nebraska. See *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). Dubray's motion for rehearing was denied January 29, 2015. Dubray and Chavez were in a relationship and had lived together for 2 to 3 years in Alliance with their child and Chavez' older child from a previous relationship. Chavez' 16-year-old half brother had also been living at the house since June 2011. Loutzenhiser, who lived in Scottsbluff, Nebraska, was Chavez' stepfather and the father of Chavez' 16-year-old half brother. On Friday, February 10, 2012, Loutzenhiser arrived in Alliance for a visit. Dubray murdered Chavez and Loutzenhiser the following morning, February 11, at the residence. During the subsequent murder investigation, police officers collected a number of items from the residence.

*State v. Dubray*, 24 Neb. App. at 68, 883 N.W.2d at 401.

On May 11, 2015, Dubray filed a motion for return of seized property in the district court, seeking the return of the following items collected during the murder investigation:

a '[b]lack and silver colored i-pod'; a 'black i-pod with a rubberized cover containing 3 [M]onster [energy drink logos]'; a 'black purse with pink playboy bunny logo' containing $219.98 in cash; a 'black carhartt coat size 2xL'; a pair of gray size 13 athletic shoes; a wooden jewelry box containing '3 necklaces, 2 nec[k]lace pendants, 1 clasp, 28 rings, 3 watches, 2 bracelets, 2 sets of earrings and 1 penny'; and a jewelry holder 'shaped like a cone containing [a] headband, a set of gold colored earrings, a beaded necklace, a bracelet, and 1 beaded earring.'

Dubray alleged that the property is being held in violation of Neb. Rev. Stat. § 29-818 (Cum. Supp. 2014) and that this property should be returned to him, as the rightful owner. In his accompanying affidavit in support of his motion, Dubray stated that none of the requested items were introduced or otherwise used as evidence at trial. Additionally, Dubray alleged that the county has failed to provide him with any notice of intent to initiate forfeiture proceedings regarding the seized property, in violation of due process.

24 Neb. App. at 69, 883 N.W.2d at 401-02. The police report attached to Dubray's motion stated that the purse seized from the residence had contained a driver's license and social security card for Chavez. The purse had also contained a credit card issued to Chavez. The police report indicated that the black iPod had been seized from "the southwest bedroom on the bed."

At the June 24, 2015 hearing on Dubray's first motion to return seized property, Dubray appeared pro se by telephone. Neither party presented evidence; Dubray and the State's counsel only gave unsworn statements and arguments. The State conceded that the "Carhartt coat" and "size 13 athletic shoes" were Dubray's property based on the evidence at the murder trial but argued that the remaining items belonged to Chavez. The State also argued that there had been insufficient time since issuance of the mandate following Dubray's direct appeal in the murder case to determine ownership of the property. Dubray argued that more than 20 of the rings in the jewelry box were men's rings and that any property returned would go to the child of Dubray and Chavez.

The district court ordered that the coat and the shoes be returned to Dubray immediately, but it denied his motion as to the remaining items for "failure to prove ownership." 24 Neb. App. at 70. Dubray appealed from this order.

On appeal, this court reversed. See *State v. Dubray*, 24 Neb. App. 67, 883 N.W.2d 399 (2016). We relied on the Nebraska Supreme Court's decision in *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007) and held that upon the conclusion of the criminal proceedings against him, Dubray was presumptively entitled to the return of the property seized from him, and that the district court erred in "substantially denying" Dubray's motion without requiring the State to present evidence of "a cognizable claim or right of possession" adverse to Dubray's. 24 Neb. App. at 73, 883 N.W.2d at 404. We reversed the court's order denying Dubray's motion and remanded for further proceedings.

After the district court spread our mandate, Dubray filed another motion to return seized property. He asked the district court to immediately release all property that he was "presumptively entitled to the whole time." He also requested the payment of costs.

The district court scheduled a hearing for August 24, 2016. Dubray again appeared pro se by telephone. The court inquired as to the parties' understanding of the purpose of the hearing. The State's counsel expressed his understanding that the hearing was to reconsider Dubray's motion for return of seized property and to present some evidence on the issue of ownership. Dubray stated, "I assume . . . this hearing is for the order to release all my property that was seized."

Dubray did not offer any evidence regarding ownership of the property at issue, again only presenting unsworn statements and argument. He referenced several statutes in his argument; he authorized his mother "to receive all property belonging to me per direction from the court of appeals;" and he asked the court for "at least $50" for the cost of "all postage and copies" he paid in this matter and "approximately $300" to cover other costs. He also requested interest on the money that had been seized. We note that in the affidavit Dubray attached to his initial motion for return of seized property, he stated that he is the owner of all property sought in the motion. The affidavit was not admitted into evidence at either hearing although it was referred to briefly during the June 2015 hearing.

At the August 2016 hearing, the State presented testimony from Chavez' sister, who testified about her familiarity with the living arrangements in Chavez' residence at the time of her death. Chavez' sister stated that she recognized the purse, jewelry box, jewelry stand, and most of the jewelry at issue as belonging to Chavez. She reviewed pictures of the seized property and marked certain men's jewelry items that she recognized as belonging to Dubray. Chavez' sister also testified that she was familiar with the black iPod taken from the southwest bedroom, which was her brother's bedroom in the home, that she had spoken to her brother about it, and that it belonged to him.

During the course of the testimony by Chavez' sister, the State offered four photographic exhibits depicting the items seized during the criminal investigation. Upon the State's offer of each of these exhibits, the district court asked whether Dubray had any objections. Dubray objected each time, arguing that the introduction of any evidence went beyond the scope of the remand from this court, which he believed entitled him to the return of the requested property. The court overruled Dubray's objections and received the exhibits. Dubray did not cross-examine the State's

witness, but argued that her testimony should have been presented at the first hearing. He again stated that any property returned would go to his child with Chavez.

On September 21, 2016, the district court entered an order ruling on Dubray's motion. The court first held that an evidentiary hearing was properly within the scope of the remand from this court for further proceedings. The district court then found that the State had rebutted the presumption of ownership with respect to some of the items requested in Dubray's motion. The court noted the testimony of Chavez' sister establishing her familiarity with the property belonging to Chavez and with the living arrangements of the Dubray/Chavez residence. The court found her testimony to be credible. In light of her testimony, the court found that the State had rebutted the presumption of Dubray's ownership with respect to, and denied the return of, the purse and the cash within the purse, the jewelry box and all jewelry within it except for those items identified by Chavez' sister as belonging to Dubray, and the jewelry stand and jewelry depicted in exhibit 103. The court also found the State had rebutted the presumption of ownership with respect to the iPod and denied the request for its return. The court again granted Dubray's motion with respect to the coat and shoes and also granted his motion with respect to the items of jewelry depicted on exhibits 100 and 101 marked with a check mark. The court denied the remainder of Dubray's motion and denied his request for costs. Dubray subsequently perfected the present appeal.

ASSIGNMENTS OF ERROR

Dubray asserts that the district court erred by (1) partially denying his motion for return of seized property, (2) violating his constitutional rights to property and due process, (3) failing to return all of the seized property items, and (4) allowing perjured testimony.

STANDARD OF REVIEW

The denial of a motion for return of seized property is reviewed for an abuse of discretion. *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007).

ANALYSIS

*Scope of Remand.*

Dubray argued at the August 2016 hearing, as he does on appeal, that conducting an evidentiary hearing was beyond the scope of the remand from this court. The district court determined it was proper for it to accept evidence at the hearing on remand.

The construction of a mandate issued by an appellate court presents a question of law. *Liljestrand v. Dell Enters.*, 287 Neb. 242, 842 N.W.2d 575 (2014). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Anderson v. Union Pacific RR. Co.*, 295 Neb. 785, ___ N.W.2d ___ (2017).

The law-of-the-case doctrine reflects the principle that an issue litigated and decided in one stage of a case should not be relitigated at a later stage. *deNourie & Yost Homes v. Frost*, 295 Neb. 912, ___ N.W.2d ___ (2017). Under the law-of-the-case doctrine, an appellate court's holdings on issues presented to it conclusively settle all matters ruled upon, either expressly or by necessary implication. *Id.* The law-of-the-case doctrine applies with greatest force when an appellate court

- 4 -

remands a case to an inferior tribunal. *Id.* Upon remand, a district court may not render a judgment or take action apart from that which the appellate court's mandate directs or permits. *Id.* The general rule is that a reversal of a judgment and the remand of a cause for further proceedings not inconsistent with the opinion, without specific direction to the trial court as to what it shall do, is a general remand and the parties stand in the same position as if the case had never been tried. *Id.* Where, on appeal, a reversal is entered in an appellate court, if the record discloses that at the first trial the facts in issue have not been fully developed, or definitely settled, or may be said to be obscure, indefinite, uncertain, or otherwise unsatisfactory, though indicating that the party aggrieved has sustained actual damage, the trial court, upon remand, in the absence of specific directions to the contrary, will accord to the litigants a retrial of the cause of action generally. *Scott v. Khan*, 18 Neb. App. 600, 790 N.W.2d 9 (2010).

In the previous appeal, this court corrected the district court's error with respect to the burden to prove ownership of the items seized. We determined that upon conclusion of the criminal proceedings, Dubray was presumptively entitled to return of items seized from the residence he shared with Chavez and that the State bore the burden of showing a legitimate reason to retain the property. We concluded that the State did not overcome the presumption by presenting evidence of a cognizable claim or right of possession adverse to Dubray's and that the court erred in substantially denying Dubray's motion without requiring the State to submit such evidence. We remanded the cause for further proceedings without specific direction. Contrary to Dubray's assertions, we did not order the district court to return all of the claimed property to him upon remand. Our reversal and remand without specific direction was a general remand, which placed the parties in the same position as if the case had never been tried. Further, Dubray filed an additional motion following remand. The district court did not err in conducting an evidentiary hearing upon remand.

*Denial of Return of Certain Items.*

Dubray argues that the district court should have returned all of the items requested upon remand. The return of seized property is controlled by Neb. Rev. Stat §§ 29-818 and 29-820 (Reissue 2016) and *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007).

As this court stated previously:

Section 29-818 establishes that 'property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same . . . and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial.' [Section 29-820] specifies that, unless otherwise directed by this statute or law of Nebraska, when certain property 'seized or held is no longer required as evidence, it shall be disposed of by the law enforcement agency on such showing as the law enforcement agency may deem adequate,' and that all other property 'shall be disposed of in such manner as the court in its sound discretion shall direct.'

*State v. Dubray*, 24 Neb. App. at 70, 883 N.W.2d at 402.

As set forth by the Nebraska Supreme Court in *State v. Agee, supra*, a motion for the return of seized property is properly denied only if the claimant is not entitled to lawful possession of the

property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property. *State v. Agee, supra.* When criminal proceedings have terminated, the person from whom property was seized is presumed to have a right to its return, and the burden is on the government to show that it has a legitimate reason to retain the property. *Id.* A presumption of ownership is created by exclusive possession of personal property, and evidence must be offered to overcome that presumption. *Id.* Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership. *Id.*

At the August 2016 hearing, the State presented evidence that Dubray was not the rightful owner of certain items of requested property. Dubray focuses on language in this court's previous opinion that he was presumptively entitled to the return of property seized from him, while ignoring language in our opinion stating that the presumption may be rebutted by evidence of superior title. The State presented such evidence with respect to certain items. Specifically, the State presented testimony from Chavez' sister, who established her familiarity with the living situation in the residence from which the property was seized and who occupied the various bedrooms in the residence. She identified the purse, items of women's jewelry, the jewelry box, and jewelry stand as belonging to Chavez. She identified the iPod as belonging to her brother. Contrary to Dubray's assertions, Chavez' sister did not claim these items for herself; rather, she established that certain items of property seized did not belong to Dubray. The district court specifically found her testimony to be credible. Because the State presented credible evidence that Chavez and/or her half-brother held superior title to Dubray over certain pieces of seized property, Dubray was not entitled to return of that property. The district court did not abuse its discretion by denying Dubray's motion with respect to those items.

*Forfeiture Proceedings and Due Process.*

Dubray argues that his due process rights were violated because forfeiture proceedings were not initiated prior to the partial denial of his motion for return of property.

As noted above, a motion for the return of seized property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property. *State v. Agee, supra*. In arguing that forfeiture proceedings should have been initiated, Dubray relies on Neb. Rev. Stat. § 28-431 (Reissue 2016). However, § 28-431 is not applicable to this case. The Nebraska Supreme Court has found that "the fundamental purpose of the statute . . . is to ensure forfeiture of property or money used in drug transactions in a manner consistent with the requirements of due process." *State v. $1,947*, 255 Neb. 290, 298, 583 N.W.2d 611, 617 (1998). The property at issue in this case was seized during a murder investigation. It was not contraband or related to any drug transaction and was not subject to forfeiture under § 28-431. The State no longer had a continuing interest in the property, but Dubray was not entitled to those items which were not returned because they did not belong to him. His arguments with respect to forfeiture are not relevant.

The record does not otherwise show a denial of his due process rights. Due process principles protect individuals from arbitrary deprivation of life, liberty, or property without due process of law. *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016). Due process does not guarantee an individual any particular form of state procedure; instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Id.* The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Id.*

Dubray had notice of and participated in the hearing on his motion for return of seized property. He was given the opportunity but declined to cross-examine the State's witness. Following the hearing, the district court denied Dubray's motion with respect to certain items of property, which, based on the evidence presented, belonged to Chavez and her half-brother. The court did not violate Dubray's due process rights by denying the return of property which did not belong to him.

*Claim of Perjured Testimony.*

Dubray argues that the district court allowed perjured testimony in violation of Neb. Rev. Stat. 28-915 (Reissue 2016), which is the statute criminalizing the giving or procuring of knowing false testimony. The statute is not applicable to the proceeding on appeal in this case. Regardless, Dubray essentially argues that the testimony of Chavez' sister was false, therefore not credible, and that the court accordingly erred by allowing or relying on her testimony. We have already addressed Dubray's arguments with respect to the taking of evidence in general at the August 2016 hearing and have determined that an evidentiary hearing was proper. Dubray did not object to the admission of the sister's testimony on any other evidentiary grounds. With respect to his attack on her credibility, this court will not reevaluate her credibility or reweigh her testimony as the trial court is the sole judge of such matters. See *Moreno v. City of Gering*, 293 Neb. 320, 878 N.W.2d 529 (2016); *Henderson v. City of Columbus*, 285 Neb. 482, 827 N.W.2d 486 (2013). Dubray's assignment of error with respect to perjured testimony is without merit.

## CONCLUSION

The district court properly conducted an evidentiary hearing upon remand and did not abuse its discretion in partially denying Dubray's motion. Dubray's due process rights were not violated.

AFFIRMED.