Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:07 PM CDT

State of Nebraska, appellee, v.
Jason Assad, appellant.
___ N.W.3d ___

Filed July 5, 2024.    No. S-23-552.

1. **Search and Seizure: Appeal and Error.** The denial of a motion for return of seized property is reviewed for an abuse of discretion.
2. **Sentences.** An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.
3. **Criminal Law: Search and Seizure: Property.** Property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court.
4. **Police Officers and Sheriffs: Search and Seizure: Property.** Property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property.
5. **Trial: Search and Seizure: Evidence.** Property seized and held as evidence shall be kept so long as necessary for the purpose of being produced as evidence at trial.
6. **Trial: Evidence.** The State has an interest in keeping evidence so long as necessary for the purpose of being produced as evidence in any trial, including postconviction proceedings or a new trial following the grant of a motion for new trial.

Appeal from the District Court for Cheyenne County, Derek C. Weimer, Judge. Affirmed.

Brian J. Davis, of Davis Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Heavican, C.J.

## INTRODUCTION

Upon his arrest and subsequent investigation, property allegedly owned by the defendant, Jason Assad, was seized by law enforcement. Assad was convicted and sentenced; subsequent appellate and postconviction relief were denied. Assad then sought the return of the seized property. The district court granted his request as to most items but denied Assad's request that a digital video recorder (DVR) be returned. Assad appeals. We affirm.

## BACKGROUND

Assad and his wife operated a motel in Sidney, Nebraska, and lived on the premises. In connection with this enterprise, there was a security system with cameras located in the couple's room. As relevant, that system recorded an incident between Assad and his wife. The security system was seized, and video of the incident was shown to the jury. Assad was then convicted of first degree false imprisonment, terroristic threats, use of a weapon to commit a felony, and possession of a weapon by a prohibited person. After being found to be a habitual criminal, Assad was sentenced to 35 to 60 years' imprisonment.

Following a direct appeal and an unsuccessful postconviction action, Assad sought the return of property seized at the time of his arrest. Assad filed a motion seeking the return of 22 separate items. Multiple hearings followed. As relevant, the court ruled on Assad's request for the return of a "hard drive" for the DVR. The court stated:

> As to the hard drive and its contents, the Court is not persuaded that the item itself is contraband. That said, the Court does determine that the State has an interest in preserving necessary evidence should the law change in the future which would give rise to further appeal

or post-conviction relief efforts of [Assad]. To manage these competing interests, the Court orders that a complete copy of the contents of the hard drive for the DVR be made and provided to [Assad] through counsel.

At that hearing, the county attorney argued that it should not have to return the DVR because it might need the device in a later postconviction action by Assad. The county attorney did acknowledge that Assad had exhausted his appeal and postconviction options but suggested that new postconviction relief might become available during the time Assad was serving his sentences because Assad would remain in prison for a significant period of time.

Assad filed a motion to alter or amend the court's order. A hearing on that motion was held on December 1, 2021. As relevant, the court ordered that "the State of Nebraska provide a complete copy of the contents of the hard drive **and** a machine/device capable of 'playing' or accessing such recording. Otherwise, the Court rejects [Assad's] request to have the original Samsung DVR returned to him." (Emphasis in original.) This same holding was reiterated in a third order dated June 19, 2023. Assad's motion to alter or amend regarding the DVR, as relevant, was later denied. Assad appeals.

## ASSIGNMENT OF ERROR

Assad assigns that the district court erred in denying his request to have the DVR returned to him.

## STANDARD OF REVIEW

[1,2] The denial of a motion for return of seized property is reviewed for an abuse of discretion.[1] An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[2]

---

[1] *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[2] *Id.*

## ANALYSIS

The only issue raised by this appeal is whether the district court abused its discretion in denying Assad's motion seeking return of the DVR. We find no abuse of discretion and affirm.

This situation is controlled by Neb. Rev. Stat. § 29-818 (Reissue 2016):

> [P]roperty seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same, unless otherwise directed by the judge or magistrate, and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial. Property seized may not be taken from the officer having it in custody by replevin or other writ so long as it is or may be required as evidence in any trial, nor may it be so taken in any event where a complaint has been filed in connection with which the property was or may be used as evidence, and the court in which such complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof.

[3-5] Property seized in enforcing a criminal law is said to be "'in custodia legis,'" or in the custody of the court.[3] As noted in § 29-818, property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property.[4] Property shall be kept so long as necessary for the purpose of being produced as evidence at trial.[5] Section 29-818 further provides that the court in which a criminal charge was filed

---

[3] *State v. Agee*, 274 Neb. 445, 448, 741 N.W.2d 161, 165 (2007).

[4] *Id*.

[5] *Id*.

has exclusive jurisdiction to determine the rights to seized property, and the property's disposition.[6] The proper procedure to obtain the return of seized property is to apply to the court for its return.[7]

Here, the State contended, and the district court agreed, that the State had a continuing interest in the DVR because it was possible that the law could change "in the future" and "give rise to further appeal or post-conviction relief efforts of [Assad]."

[6] We have held that the State has an interest in keeping evidence "'so long as necessary for the purpose of being produced as evidence in *any* trial.'"[8] Indeed, so long as certain circumstances are met, a new trial can be sought at any time after a conviction.[9] We have included postconviction proceedings within the scope of the phrase "any trial."[10]

Our review of this matter is limited to the question of whether the district court abused its discretion in ruling that the State has an interest in retaining the DVR and its original contents. We decline to find any abuse of discretion. While we recognize that such future actions might be unlikely, it is not impossible that a defendant in Assad's position might bring a postconviction action that is not time barred. We further note that certain types of motions for new trial are not time barred in any way, and thus, the potential for such a motion—and in turn, a possible new trial—exists as well.[11]

We find no merit to Assad's assignment of error.

---

[6] *Id*.

[7] *Id*.

[8] *State v. McGuire, supra* note 1, 301 Neb. at 901-02, 921 N.W.2d at 83, quoting § 29-818 (emphasis supplied).

[9] See Neb. Rev. Stat. § 29-2103 (Reissue 2016).

[10] See *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017).

[11] See, Neb. Rev. Stat. § 29-2101 (Reissue 2016); § 29-2103.

## CONCLUSION

We find that the district court did not abuse its discretion in allowing the State to retain the DVR and its original contents in the event this evidence was needed for a future trial or related proceeding. Accordingly, we affirm the decision of the district court.

Affirmed.

Freudenberg, J., not participating.