Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/31/2024 09:05 AM CDT

State of Nebraska, appellee, v.
Deontae C. Rush, appellant.
___ N.W.3d ___

Filed October 31, 2024.    No. S-23-076.

SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County, Kevin R. McManaman, Judge. Former opinion modified. Motion for rehearing overruled.

Sanford J. Pollack, of Pollack & Ball, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.
This case is before us on a motion for rehearing filed by the State, concerning our opinion in *State v. Rush, ante* p. 622, 11 N.W.3d 394 (2024). We overrule the motion, but modify the opinion as follows:

In the analysis section, under the heading "6. Domestic Assault" and the subheading "(b) Withdrawal of Motion for New Trial re Subpoena," we withdraw the first and second paragraphs and substitute the following:

> We next consider whether trial counsel was ineffective in withdrawing Rush's motion for new trial in relation to Bruning's subpoena. Rush argues that a new trial

was warranted because the clerk's alleged plain error and the State's alleged misconduct in interfering with the subpoena deprived him of evidence that would have supported his alibi. Under Neb. Rev. Stat. § 29-2101 (Reissue 2016): "A new trial, after a verdict of conviction, may be granted, on the application of the defendant, for any of the following grounds affecting materially his or her substantial rights: (1) Irregularity in the proceedings of the court, of the prosecuting attorney, or of the witnesses for the state or in any order of the court or abuse of discretion by which the defendant was prevented from having a fair trial; (2) misconduct of the jury, of the prosecuting attorney, or of the witnesses for the state; (3) accident or surprise which ordinary prudence could not have guarded against; (4) the verdict is not sustained by sufficient evidence or is contrary to law; (5) newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial; (6) newly discovered exculpatory DNA or similar forensic testing evidence obtained under the DNA Testing Act; or (7) error of law occurring at the trial."

The former opinion shall otherwise remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.